NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PROGRESSIVE GARDEN STATE INSURANCE COMPANY,**<br><br>                      **Plaintiff,**<br><br>   v.<br><br>**ERWIN METIUS,**<br><br>                      **Defendant.** | **Civil Action No. 18-2893 (WJM)**<br><br><br>**OPINION** |

**FALK, U.S.M.J.**

Before the Court are: (1) Defendant Erwin Metius's motion to compel discovery; and (2) Plaintiff Progressive Garden State Insurance Company's motion to sever and stay one of Defendant's counterclaims [ECF No. 23]. For the reasons stated below, Defendant's motion is **GRANTED**, subject to the parameters expressed herein. Plaintiff's motion is **DENIED**.

### BACKGROUND

This case involves a dispute over insurance coverage. On August 22, 2017, Defendant Metius applied for and was issued a "Boat and Personal Watercraft" policy by Progressive. On December 28, 2017, Metius's yacht caught fire and was destroyed in a marina in Jersey City, New Jersey. Metius made a claim to Progressive, which denied it and rescinded coverage, contending that he was using the boat as his "primary residence"

in violation of the policy.

On February 28, 2018, Progressive filed suit, contending (1) Metius's loss is excluded under the policy because he was using it as his "primary residence"; (2) the policy is void because Metius made material misrepresentations in connection with his application for insurance; and (3) the policy is void *ab initio*.

On April 6, 2018, Metius filed an Answer, stating that he did not consider the yacht his primary residence, and that the term "primary residence" is ambiguous. In addition, Metius's pleading contains counterclaims against Progressive for (1) declaratory judgment relating to coverage; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing.

## **DISPUTES**

The parties have two pending disputes. The first dispute is a document discovery issue. In this coverage action, Metius's defense is premised in part on alleged ambiguity in Progressive's application and policy - in particular, with respect to the meaning of "primary residence." The term "primary residence" was apparently not defined in the application or policy. Indeed, Metius makes it clear that this a -- if not the -- central issue in the case: "the coverage dispute turns on the meaning and intent of the term 'primary residence' in the policy and application . . . ." (ECF No. 26 at 10.) To that end, he seeks documents relating to how certain terms in the application and policy -- chiefly "primary residence" -- have been interpreted and defined by Progressive on other occasions -- in marine policies, underwriting materials, and other insurance products.

Progressive opposes any discovery of the type, claiming the policy is not

ambiguous at all; that Metius was aware of the scope of coverage; and that he is fishing for "anything" upon which he could premise a "credible claim" for coverage.

In informal submissions to the Court, the parties argue over 13 document demands, although they agree that the discovery sought can be grouped into three basic categories: (1) "drafting histories of insurance documents"; (2) "underwriting manuals/claims handling guidelines and calculations"; and (3) "other insurance policies underwritten by Progressive that define the relevant terms."

The second dispute is a motion to sever and stay. In short, Progressive has filed a motion seeking to stay Metius's counterclaim alleging breach of the implied covenant of good faith and fair dealing, claiming it is a "bad faith" claim and that such claims are routinely stayed in coverage cases. In response, Metius states that he has not pleaded a bad faith claim in the case, and that for the claims that are pleaded, the proofs overlap and a severance and stay would be prejudicial, counterproductive, and inefficient.

## **DISCOVERY STANDARD**

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* It is "well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Relevance is a

broader inquiry at the discovery stage than at the trial stage, *see Nestle Food Corp. v. Aetna Cos. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J.1990), and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). While relevant information need not be admissible, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). A party resisting discovery on the grounds of burden or expense "bears the burden of showing specifically how the request is burdensome." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2010 WL 4922701, at *3 (W.D. Pa. Nov. 29, 2010).

## DECISION

A.     **Document Dispute**

When establishing the parameters of discovery relevance, it is the positions of the parties, in the Complaint and other pleadings, which set the guardrails for discoverable information. The question is what is pleaded and how is it being defended? Anything generally within those guardrails and not unreasonable or disproportional is fair game for discovery. Here, Progressive does not materially argue that there would be prohibitive cost or expense associated with discovery; thus, the question is relevance. As set forth below, the basic inquiry is proper discovery.

Metius claims the policy, application, and terms within both are ambiguous. This is a claim or defense that is squarely in this case, no matter how strongly Progressive

4

believes otherwise. Therefore, Metius is entitled to discovery to support his position. Metius has plainly established that the three categories of information that he seeks through his document demands are generally "relevant" for discovery purposes.

<u>First</u>, "drafting histories of insurance documents" may be relevant to a dispute like this. The Court agrees that a party could reasonably want to review changes to policy applications – both prior to and following the issuance date of the policy at issue. Such changes could provide a window into the question of whether terms in the application were ambiguous, and if so, how Progressive itself interpreted them. Likewise, any proposed revisions – whether implemented or not – would at least be discoverable to determine whether any changes were considered, recommended, or suggested, and how or why they were not implemented. Therefore, Plaintiff is directed to provide insurance documents that address or reference the meaning of "primary residence." Wholesale production of drafting history documents is not required.

<u>Second</u>, "underwriting manuals/claims handling guidelines and calculations" is a type of discovery commonly sought and allowed in insurance cases. Here, Metius explains that such information is relevant to uncover how Progressive evaluated and underwrote risk, knowing that his vessel had onboard sleeping accommodations. With respect to the aspect of the document demand that seek information relating to vessels other than his own, again, it seems reasonable to want to know how other similarly situated vessels were treated for insurance purposes and how and in what way the underwriting guidelines are constructed and applied.

Progressive contends this is highly sensitive information that should be kept

5

confidential. However, confidentiality is not a basis to withhold discovery. *Cf. Fed. Open Mrkt. v. Merrill*, 443 U.S. 340, 362 (1979). Moreover, a Discovery Confidentiality Order was entered in this case on June 1, 2018. *See* CM/ECF No. 17. If information produced in discovery – such as this – is alleged to be sensitive and confidential, it can be designated as such. Confidentiality and business interests, however, are not a legitimate objection to discovery. Once again, any documents referencing or relating to underwriting of "primary residence" issues should be produced. Other underwriting documents need not be produced.

Third, "other insurance policies underwritten by Progressive that define the relevant terms" is the final category of discovery sought – and again, it should be produced. While Progressive objects to how information in a homeowners' policy, for example, could be relevant to a marine policy, that goes to the weight, admissibility, and persuasiveness of the information, not to the question of discoverability. Progressive chose not to define "primary residence" in the Metius policy. If Progressive has defined the relevant terms – specifically, "primary residence" – in other policies and applications, it should be produced, especially when no compelling burdensome argument has been made.[1]

**B.    Motion to Sever & Stay**

As discussed in footnote 2, *supra*, Progressive filed a motion to sever and stay

---

[1] In addition to the document disputes, the papers refer to a seemingly tertiary dispute about the scope of a Rule 30(b)(6) deposition notice. It seems that the deposition subjects largely track the disputed document categories, and for the same reasons already articulated, are permissible. If a dispute arises during the deposition, the parties are directed to immediately contact the Undersigned.

Metius's counterclaim alleging breach of the covenant of good faith and fair dealing.  In its moving brief, Progressive casts Metius's claim as one for "bad faith" and cites case law that suggests bad faith claims may be severed and stayed until the question of coverage is resolved.  Metius, however, has made clear that he is <u>not</u> alleging bad faith in this case: "**Mr. Metius has not filed a bad faith claim against Progressive**."  (Metius's Opp'n Br. 2 (emphasis in original).)  Thus, there is no "bad faith" claim to sever, and the motion fails on that basis.  To the extent Progressive later tries to reformulate and save its argument by claiming there is no real difference between "bad faith" and "breach of the covenant of good faith and fair dealing," it still fails to establish a basis for a severance and stay.

Courts consider the following factors when considering requests for a severance: (1) whether the issues sought to be tried separately require the testimony of different witnesses and documentary proof; (2) whether the separable issues are significantly different from one another; (3) whether the party opposing severance will be prejudiced if it is granted; (4) whether the party requesting severance will be prejudiced if it is not granted.  *Sclafani-Tarantola v. District Council 711*, 2016 WL 5867819, at *1 (D.N.J. Oct. 7, 2016).

The factors here do not support severance at this stage under any formulation.  <u>First</u>, Progressive does not explain how the alleged proofs on the breach of fiduciary duty claim differ significantly from the other counterclaims, and Metius claims otherwise.  Since these are his affirmative claims, it makes sense to credit his assertion regarding what discovery he intends to use to support his claims.  Factor one does not support

7

severance.

Second, courts have noted that the implied covenant of good faith and fair dealing is inherent in every contract, and thus, often "intertwined" with breach of contract claims. *E.g.*, *Linger6 LLC v. Antonio*, 2016 WL 4257762, at *8-9 (D.N.J. Aug. 10, 2016). Thus, the issues in the three counts of the counterclaim are not "significantly different from one another." Therefore, factor two does not support severance.

Third and Fourth, Metius has credibly argued that he could be prejudiced by a severance, while Progressive has not. Metius claims that the coverage dispute "will turn on the meaning and intent of the term 'primary residence' in the policy and application." (Def.'s Br. 10.) Thus, if severance were to be granted and discovery deferred, he would be forced to litigate the coverage case without, he argues, full information necessary to support his defenses. This could lead to additional problems – e.g., it could result in Metius opposing a summary judgment motion with a Rule 56(d) application, which are liberally granted. *See, e.g.*, *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (Rule 56(d) motions "are broadly favored and should be liberally granted"). All this does is delay the case and waste party and court resources. This factor weighs against severance.[2]

---

[2] After Defendant raised the discovery dispute with the Court, Progressive requested permission to "promptly" file a motion for summary judgment. By email sent to the Court the same day, Metius's counsel objected to summary judgment motions being filed "at this juncture" (*see* e-mail from Jeffrey M. Pollock, Esq., dated February 4, 2019), and then submitted an additional letter on February 21, 2019, stating summary judgment motion practice is "premature" because "discovery is ongoing [] and Progressive refuses to produce information or provide testimony on several relevant topics."
 The Court generally contemplates summary judgment motions at the close of

Finally, if this case proceeds to trial, Plaintiff can seek severance or bifurcation of some part of the case, although it is difficult to imagine the basis. However, at this stage, there is absolutely no basis for severance or stay, which would be unfair and grossly inefficient.

**CONCLUSION**

For the reasons stated herein, the discovery sought is relevant within the meaning and contemplation of Rule 26. Moreover, no basis for a severance or stay has been shown. Therefore, Metius's request to compel is **GRANTED**, and Plaintiff Progressive's Motion to Sever and Stay [ECF No. 23] is **DENIED**. An appropriate Order will be entered.

s/Mark Falk_____
MARK FALK
**United States Magistrate Judge**

**Dated: April 3, 2019**

---

discovery. Given Defendant's representation to the Court that any summary judgment motion now would be met with a Rule 56(d) application (which, as stated previously are liberally construed) - and given the Court's decision that the discovery should be provided - summary judgment motions will not be filed presently. Plaintiff may renew its request to file for summary judgment at the close of discovery.